**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation,,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Bristol Inns, LLC, a Tennessee limited liability company; and Desiree Keithan,<br><br>　　　　　Defendants. | No. 04-0661-PHX-DGC<br><br>**ORDER** |

  Defendants Bristol Inns, LLC and Desiree Keithan have filed an Amended Motion for Relief from Judgment. *See* Doc. #15. Plaintiff has filed a response and Defendants have filed a reply. *See* Doc. ##17, 20. The Court has also considered documents filed by Defendants under seal. *See* Doc. #19.

  The Court previously entered a default judgment in favor of Plaintiff on the basis of Defendants' failure to respond to the complaint. *See* Doc. #12. Defendants explain in their Amended Motion that Defendant Keithan failed to respond to the complaint because she was informed by her boss, Mack Trammell, that the company would hire an attorney to defend the action. Defendants assert that Mr. Trammell and Bristol failed to respond to the complaint because Mr. Trammell suffers from medical problems that affect his memory, and he simply has no memory of receiving the complaint. Defendants have filed medical documents under seal in support of Mr. Trammell's medical condition.

1    Defendants rely in part on Rule 60(b)(1) of the Federal Rules of Civil Procedure,
2 which grants district courts discretion to relieve a party from a judgment on the basis of
3 "mistake, inadvertence, surprise, or excusable neglect."  Defendants also seek relief under
4 Rule 60(b)(3) (fraud) and 60(b)(6) (any other reason justifying relief).

5    The Court's decision in this matter is guided by *TCI Group Life Ins. Plan v.*
6 *Knoebber*, 244 F.3d 691 (9th Cir. 2001).  The Ninth Circuit explained in *TCI* that "default
7 judgments are disfavored." *Id.* at 694.  Whether a party is entitled to relief under Rule
8 60(b)(1) turns on three factors: "'whether the defendant's culpable conduct led to the
9 default; whether the defendant has a meritorious defense; and whether reopening the
10 default judgment would prejudice the plaintiff." *Id.* at 696.  The Ninth Circuit explained that
11 this three-part inquiry comports with the factors identified by the Supreme Court in
12 *Pioneer Inv. Servs. Co. v. Brunswich Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). *TCI*, 244
13 F.3d at 696.

14   The Court concludes that the default judgment in this case was not the result of
15 Defendants' culpable conduct.  The Ninth Circuit has explained that "'a defendant's
16 conduct is culpable if he has received actual or constructive notice of the filing of the
17 action and *intentionally* failed to answer.'" *Id.* 697 (quoting *Allen Newman Prods., Inc. v.*
18 *Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)) (emphasis in original).  The court noted that the
19 word "neglect" in the "excusable neglect" standard of Rule 60(b)(1) "'encompasses simple,
20 faultless omissions to act and, more commonly, omissions caused by carelessness.'" *Id.*
21 (quoting *Pioneer*, 507 U.S. at 388).

22   Based on facts submitted by Defendants and not disputed by Plaintiff, the Court
23 concludes that the default judgment in this case was not the result of Defendants' culpable
24 conduct.  Defendant Keithan relied on assurances by her boss that the action would be
25 defended by corporate counsel.  Defendant Bristol's failure to respond was based on Mr.
26 Trammell's medical condition.

27
28

The second consideration under *TCI* asks whether Defendants have a meritorious defense. "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *Id.* at 700. If the "defendant presents no meritorious defense, then nothing but pointless delay can result from reopening the judgment." *Id.* at 697.

Defendants articulate a defense only with respect to the portion of the Court's default judgment that awarded $506,514.61 in liquidated damages. Defendants have presented specific facts to suggest they have a meritorious defense to this claim. Defendants have not made such a showing, however, with respect to the other portions of the Court's judgment: (1) the award of $3,563.82 under Counts I and II of the Complaint, plus interest at the rate of 1.5% per month from June 1, 2004 until paid in full; (2) the award of injunctive relief related to Defendants' use of Plaintiff's trademarks and service marks; and (3) the award of $4,441.55 in attorneys' fees and costs. Therefore, assuming each of the factors set forth in *TCI* is satisfied, the Court will set aside only that portion of the default judgment related to liquidated damages.

The third consideration under *TCI* addresses prejudice to the plaintiff. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Id.* at 701. The standard is whether Plaintiff's ability to pursue its claim will be hindered. *Id.* Plaintiff argues that it is prejudiced by the delay due to Mr. Trammell's loss of memory and his consequent inability to provide relevant evidence. The medical evidence provided by Defendants, however, demonstrates that Mr. Trammell's medical condition has existed since at least 2000, and possibly since 1997. *See* Doc. #19. Thus, Defendants' delay in responding to the complaint has not caused the loss of any evidence in the possession of Mr. Trammell. The Court has identified no additional prejudice to Plaintiff that will result from reopening the judgment.

1  Applying the three-part analysis set forth in *TCI*, the Court concludes that the
2  portion of the default judgment awarding liquidated damages of $506,514.61 should be
3  vacated. All other portions of the judgment shall remain in effect.[1]

4  Defendants argue that Plaintiff's motion should be denied because of the almost
5  one-year delay between entry of the default judgment and filing of the Amended Motion.
6  Defendants have provided evidence suggesting that they first learned of the default
7  judgment on August 10, 2005. Plaintiff asserts that a letter regarding the default judgment
8  was sent to Defendants in October of 2004, but the supporting affidavit fails to attach
9  copies of the letter and Defendants deny receiving such notice. Moreover, Rule 60(b)
10 specifically states that a motion for relief under Rule 60(b)(1) may be filed within one year
11 of judgment. Consistent with the Ninth Circuit's teaching that default judgments are not
12 favored, the Court will not deny the Amended Motion that was filed within this one-year
13 time period.

14 In light of the Court's ruling, it appears that three issues now remain in the case:
15 (1) whether Plaintiff is entitled to recover liquidated damages; (2) if so, the proper amount
16 of liquidated damages; and (3) if liquidated damages cannot be recovered, whether Plaintiff
17 has suffered actual damages that are compensable in this case. On or before **November 4,**
18 **2005**, the parties shall file a joint case management report setting forth a proposal for the
19 prompt resolution of these questions. A case management conference will be held on
20 **November 16, 2005 at 4:00 p.m.** to establish a schedule for completing this litigation.

---

[1] Defendants also argue that the default judgment should be set aside under Rule 60(b)(3). The only evidence presented in support of this argument, however, concerns allegedly incorrect information related to the amount of liquidated damages. Thus, the only portion of the judgment that would be set aside under Rule 60(b)(3) would be the award of liquidated damages. Defendants provide no basis for setting aside any other portion of the judgment under Rule 60(b)(6).

**IT IS HEREBY ORDERED:**

1. Defendants' Amended Motion for Relief from Judgment (Doc. #15) is **granted in part and denied in part** as set forth above.

2. Defendants' Motion to Set Aside Judgment (Doc. #13) is **denied as moot**.

3. The Court's Default Judgment (Doc. #12) and Order (Doc. #11) are modified to eliminate the award of liquidated damages under Count III of the Complaint in the amount of $506,514.61. All other terms of the Default Judgment (Doc. #12) and Order (Doc. #11) remain in effect.

4. A case management conference will be held on **November 16, 2005 at 4:00 p.m.**

DATED this 19th day of October, 2005.

_David G. Campbell_
David G. Campbell
United States District Judge